IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 2:07-CR-00432-DCN |
| vs. | ) | |
| | ) | |
| Lancy E. McClary, | ) | |
| | ) | **ORDER** |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on defendant's motion for credit for time served on pretrial home detention pending adjudication of his criminal case. The relevant statute provides:

> **Credit for prior custody.**- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Supreme Court has ruled that time spent in non-jail confinement as a condition of bail release is not "official detention" within the meaning of section 3585(b). <u>Reno v. Koray</u>, 515 U.S. 50, 56-60 (1995) (community treatment center confinement); <u>see</u> <u>Cucciniello v. Keller</u>, 137 F.3d 721, 723 (2d Cir. 1998) (recognizing <u>Koray</u>'s holding and rejecting the argument "that due process might require notice to a pretrial detainee that release conditioned on home confinement will not be

1

credited against a subsequent sentence"); see also United States v. Hager, 288 F.3d 136, 137 (4th Cir. 2002) ("Home confinement is not incarceration."). Based on these cases, defendant's motion for credit for the time he spent on pretrial home detention must be **DENIED**.

      **AND IT IS SO ORDERED**.

      **DAVID C. NORTON**
      **CHIEF UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**August 17, 2010**